STATE OF LOUISIANA       *       NO. 2026-K-0115

VERSUS       *

WANDA LEDET       *       COURT OF APPEAL

      FOURTH CIRCUIT

      * 

      STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 550-585, SECTION "J"
Honorable Franz Zibilich, Judge, *ad hoc*
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge
Karen K. Herman)



Jason Rogers Williams
District Attorney
Brad Scott
Chief of Appeals
Zachary M. Phillips
Assistant District Attorney
Orleans Parish District Attorney's Office
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR RELATOR STATE OF LOUISIANA



James Miller
Orleans Public Defenders Office
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

      COUNSEL FOR RESPONDENT WANDA LEDET



      **WRIT GRANTED; JUDGMENT REVERSED
      MARCH 9, 2026**

Relator, State of Louisiana (hereinafter "the State"), seeks review of the district court's January 8, 2026 ruling granting Respondent, Wanda Ledet's, motion to suppress statements. After consideration of the writ application and the applicable law, we grant the writ and reverse the district court's January 8, 2026 ruling granting the motion to suppress statements.

## Relevant Facts and Procedural History

In August 2020, officers with the New Orleans Police Department responded to a call at 2005 Clouet Street based upon a report that "someone [was] on the ground with blood." Officer Jacquen Hunter was one of the officers present at the scene. Officer Hunter's body worn camera footage shows Respondent behind a locked gate holding a bloody knife in her hand. The officers attempted to gain entry into the house by talking to Respondent. However, after the officers' attempts failed, the fire department breached the front door and Respondent retreated to a bedroom. The fire department breached the bedroom door and the officers subdued Respondent, relocating her to the back of a police vehicle. The body worn camera footage shows an elderly woman, later identified as

1

Respondent's mother, lying unresponsive on the floor in the bedroom where Respondent was located. Respondent was later read *Miranda* warnings at the hospital after being transported for evaluation.[1] Prior to being administered *Miranda* warnings at the hospital, Respondent admitted to stabbing her mother.

On October 22, 2020, a grand jury indicted Respondent on one count of first-degree murder, in violation of La. R.S. 14:30, and one count of resisting an officer, in violation of La. R.S. 14:108. Respondent filed omnibus motions, including a motion to suppress statements. Respondent argued that any statements made at the scene, and prior to issuance of the *Miranda* warnings, should be suppressed. The State opposed the motion contending that Respondent was detained at the house but not yet in custody. The State further maintained that Respondent's statements were not given in response to a custodial interrogation. As such, according to the State, *Miranda* was not triggered. The district court requested a transcript of Respondent's statements and ordered each side to identify whether each statement should be admissible, or not, and explain "why." The district court considered the matter and issued a preliminary ruling finding Respondent was in custody, for *Miranda* purposes, from her initial engagement with the police and suppressed certain statements made by Respondent. On January 8, 2026, the State appeared before the district court to notice its intent to seek supervisory review of the ruling on Respondent's motion to suppress. The district court clarified that it had not actually ruled on the motion and stated that it

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966) provides the following:

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.

2

was "ready to make a partial amendment to [its] ruling." The district court specified "in" or "out" for each statement made by Respondent and determined each statement's admissibility. This application for supervisory review followed.[2]

**Discussion**

The State's writ application seeks review of the district court's January 8, 2026 ruling partially granting Respondent's motion to suppress statements. The State asserts the district court abused its discretion in suppressing certain statements made by Respondent during her initial encounter with the police.[3] This court reviews a district court's ruling on a motion to suppress under an abuse of discretion standard of review for factual determinations and *de novo* for legal determinations. *State v. Candebat*, 2013-0780, pp. 6-7 (La.App. 4 Cir. 1/30/14), 133 So.3d 304, 308 (citation omitted).

The dispositive issue in this matter is whether the police officers' questioning of Respondent, upon their arrival to the scene, triggered *Miranda* protections. "*Miranda* only applies if three conditions are met: (1) the defendant is in 'custody' or significantly deprived of freedom, (2) there is an 'interrogation,' and (3) the interrogation is conducted by a 'law enforcement officer' or someone acting as their agent." *State v. Bernard*, 2009-1178, p. 5 (La. 3/16/10), 31 So.3d 1025, 1029. Custody is determined based on the circumstances surrounding the interrogation and an evaluation of how a reasonable person in the defendant's position would gauge his freedom. *State v. Hankton*, 2012-0466, p. 13 (La.App. 4

---

[2] On March 2, 2026, this Court requested that Respondent file an opposition to the State's writ application.

[3] The State also assigns as error the district court "suppressing all remaining statements, including post-*Miranda* statements, which Defendant did not properly present to the court for its consideration." However, a review of the transcript does not reveal that the trial court suppressed post-*Miranda* statements. Nonetheless, our review considers the ruling on the motion to suppress as a whole.

Cir. 4/30/14), 140 So.3d 398, 407. Thus, we must first determine whether an interrogation occurred.

The United States Supreme Court recognized that a brief detention and preliminary questioning of a suspect, to determine whether a crime has been committed, is not a custodial interrogation requiring the protections of *Miranda*. *Berkemer v. McCarty*, 468 U.S. 420, 439-40, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984). Further, this Court has determined that initial questioning of a defendant is not part of a custodial detention based on the totality of the circumstances. *State v. Hill*, 2025-0316, pp. 16-17 (La.App. 4 Cir. 8/19/25), 418 So.3d 1119, 1130-31. As such, a suspect's responses to public, "on-the-scene and non-custodial questioning," are admissible without *Miranda* warnings. *State v. Shirley*, 2008-2106, p. 8 (La. 5/5/09), 10 So.3d 224, 229-30. In the case *sub judice*, Respondent held a bloody knife in her hand during the entire encounter with police officers. Meanwhile, the victim was bleeding and unresponsive, but still breathing, in the house where Respondent denied the police officers entry. We acknowledge that the police officers questioned Respondent; however, their stated objective was to assess and de-escalate the situation. The questions were intended to engage Respondent and gain access to the house. We do not find the questions were strategically designed to develop insight into criminal activity. Based on the totality of the circumstances, we find the police officers did not actively conduct a custodial interrogation and therefore, it was not necessary to provide *Miranda* warnings at the scene. Further, the district court's approach of categorizing each statement as "in" or "out" would have an impractical effect during trial when attempting to present the admissible statements while shielding the jury from the

4

statements deemed inadmissible. Accordingly, we grant the writ and reverse the district court's January 8, 2026 ruling granting the motion to suppress statements.

**WRIT GRANTED; JUDGMENT REVERSED**